IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00103-WCM

| | |
|---|---|
| VIRGINIA NEELEY, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | MEMORANDUM OPINION AND ORDER |

This matter is before the Court on the parties' cross motions for summary judgment (Docs. 10, 12).[1]

I. Procedural Background

In April of 2020, Plaintiff Virginia Neeley ("Plaintiff") filed an application for supplemental security income. Transcript of the Administrative Record ("AR") 199-222. Plaintiff alleges disability beginning May 10, 2020. AR 237.

On July 28, 2021, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an

---

[1] The parties have consented to the disposition of this case by a United States Magistrate Judge. Doc. 8.

unfavorable decision. AR 9-28. That decision is the Commissioner's final decision for purposes of this action.

## II. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of "degenerative disc disease, bipolar disorder, major depressive disorder, post-traumatic stress disorder (PTSD), and schizoaffective disorder." AR 14. After determining that Plaintiff's impairments did not meet or medically equal one of the listed impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> to perform light work…except frequent climbing of ramps and stairs; occasional climbing of ladders, ropes, or scaffolds; frequent balancing, stooping, kneel, crouch, and crawl; unskilled work of routine repetitive nature (reasoning levels 1-2) performed in 2 hour segments; non production pace (non automated/conveyor pacing); infrequent changes in the work routine; occasional public, supervisors, and coworkers; no teamwork or tandem work to task completion; no conflict resolution or crisis management.

AR 17.

Applying this RFC, the ALJ found that Plaintiff had the ability to perform certain jobs that exist in significant numbers in the national economy such that Plaintiff was not disabled during the relevant period. AR 21-22.

### III. Plaintiff's Allegations of Error

Plaintiff contends that the ALJ failed to explain why, despite finding the state agency psychologists' opinions generally persuasive, certain limitations set out in those opinions were not incorporated into Plaintiff's RFC. Additionally, Plaintiff argues that the ALJ did not consider the distracting effects of her auditory and visual hallucinations appropriately when considering her ability to stay on task.

### IV. Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial

evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

V. Discussion

The Dictionary of Occupational Title's Reasoning Development scale has six levels—Level 1 requires the least reasoning ability, and Level 6 requires the most reasoning ability. See DOT, App. C, 1991 WL 688702. A "reasoning level of one" requires the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." DOT, Appendix C, 1991 WL 688702. In contrast, a "reasoning level of two" requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral

4

instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations." DOT, Appendix C, 1991 WL 688702.

Here, state agency consultant Nancy Herrera, Ph.D., provided an opinion regarding Plaintiff's mental limitations on initial review, and Richard Cyr-McMillon, Ph.D., gave an opinion regarding Plaintiff's mental limitations on reconsideration. AR 74-76; AR 95-99. Both Dr. Herrera and Dr. Cyr-McMillon concluded that Plaintiff was "moderately limited" in her ability to understand and remember detailed instructions but was able to "understand and remember very short and simple instructions." AR 75; AR 96. Accordingly, both state agency consultants' opinions appear to be consistent with an ability to engage in Level 1 reasoning.[2]

When developing Plaintiff's RFC, the ALJ found the opinions of Dr. Herrera and Dr. Cyr-McMillon "generally persuasive." AR 20.

As noted above, though, Plaintiff's RFC states that Plaintiff can engage in work requiring a reasoning level of "1-2," AR 17, and, when determining that Plaintiff was not disabled, the ALJ relied on occupations that require a

---

[2] With respect to Plaintiff's ability to sustain concentration and persistence, Dr. Herrera stated that Plaintiff could "carry out very short and simple instructions," AR 75, while Dr. Cyr-McMillon stated that Plaintiff was "able to sustain sufficient attention to complete simple routine tasks for a 2-hour period at a non-production pace, and complete a normal workweek and make simple work related decisions." AR 97. Both doctors also determined that Plaintiff was limited in her ability to interact with others and to adapt to changes in a work setting.

5

reasoning level of two. AR 22 (citing DICOT 209.587-034 (G.P.O.), 1991 WL 671802 (Marker); DICOT 207.685-014 (G.P.O.), 1991 WL 671745 (Photocopying-Machine Operator); DICOT 222.587-038 (G.P.O.), 1991 WL 672123 (Router)).

Jobs requiring a reasoning level of two would appear to conflict with the state agency consultants' opinions that Plaintiff was able to "understand and remember *very short* and simple instructions." AR 75; AR 96 (emphasis added). See Thomas v. Berryhill, 916 F.3d 307, 314 (4th Cir. 2019) (a claimant who can "follow short, simple instructions" cannot perform occupations requiring the ability to "carry out detailed but uninvolved written or oral instructions…."); Dunivant v. Saul, 1:19CV923, 2021 WL 620711, at *4 (M.D.N.C. Feb. 17, 2021) ("in Thomas, the Fourth Circuit held that there was an apparent conflict between jobs requiring Level 2 reasoning and a limitation to 'short, simple instructions.' However, in Lawrence v. Saul, 941 F.3d 140, 143 (4th Cir. 2019), the Fourth Circuit clarified that this conflict results from the restriction to 'short' instructions, rather than the simplicity of the instructions or tasks"); Johnson v. Saul, No. 5:18-CV-00152-FDW, 2020 WL 1429244, at *5 (W.D.N.C. Mar. 19, 2020) (finding an apparent conflict between the RFC requirement of "short, simple instructions" and the reasoning level 2 requirement of "detailed but uninvolved instructions" required for the jobs identified by the vocational

expert); Fincher v. Berryhill, No. 3:17-CV-00624-RJC, 2019 WL 1317731, at *4 (W.D.N.C. Mar. 22, 2019).

As the ALJ did not explain this conflict, remand is necessary. See Sumner v. Saul, No. 5:19-CV-00166-FL, 2020 WL 3816316, at *6 (E.D.N.C. June 16, 2020), memorandum and recommendation adopted, 2020 WL 3799347 (E.D.N.C. July 7, 2020) (concluding that there was a conflict between a finding that plaintiff had difficulty with detailed instructions and the conclusion that plaintiff could perform jobs which would require understanding and carrying out detailed instructions, that such conflict needed to be explained by the ALJ, and "[h]aving failed to do so, his reliance on the [vocational expert's] testimony about the availability of other work lacks the support of substantial evidence").[3]

## VI. Conclusion

For the reasons stated above, Plaintiff's Motion for Summary Judgment (Doc. 10) is **GRANTED**, and the Commissioner's Motion for Summary Judgment (Doc. 12) is **DENIED**. The Commissioner's decision is hereby **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

---

[3] Because this matter is being remanded on this basis, the undersigned does not reach Plaintiff's second assignment of error regarding her ability to stay on task.

The Clerk of Court is respectfully directed to enter a separate judgment in accordance with this Order.

Signed: February 17, 2023

W. Carleton Metcalf
United States Magistrate Judge